UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| QUANDELL HICKMAN,<br><br>                                    Plaintiff,<br><br>-against-<br><br>NEW YORK STATE CORRECTIONS AND COMMUNITY SUPERVISION; ANTHONY J. ANNUCCI; RICHARD DE SIMONE; 40TH STREET PAROLE OFFICE MANHATTAN; PAROLE OFFICER ANTOINE (FEMALE),<br><br>                                    Defendants. | 24-CV-3421 (VSB)<br><br>ORDER OF SERVICE |

VERNON S. BRODERICK, United States District Judge:

Plaintiff, who currently is detained at the Otis Bantum Correctional Center on Rikers Island, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that his term of parole was unlawfully extended beyond its expiration date. Named as Defendants are the New York State Department of Corrections and Community Supervision ("DOCCS"); former DOCCS Acting Commissioner Anthony J. Annucci; Office of Sentencing Review Assistant Counsel Richard de Simone; the "40th Street Parole Unit"; and Parole Officer Antoine. By order dated May 31, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*,

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

480 F.3d 636, 639 (2d Cir. 2007).  The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).  While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

**A.  Eleventh Amendment Immunity**

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ."  *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state."  *Id*.  New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983.  *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).  Plaintiff's Section 1983 claims against DOCCS and the New York State Division of Parole's "40th Street Parole Unit" are therefore barred by the Eleventh Amendment and are dismissed.[2]  *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

---

[2] The 40th Street Parole Unit is also not a "person" for the purposes of Section 1983.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (state is not a "person" for the purpose of Section 1983 claims); *Zuckerman v. App. Div., Second Dep't S. Ct.*, 421 F.2d 625, 626 (2d Cir. 1970) (court not a "person" within the meaning of Section 1983); *Whitley v. Westchester Cnty. Corr. Fac. Admin.*, No. 97-CV-420 (SS), 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997) (correctional facility or jail not a "person" within the meaning of Section 1983).

**B.     Order of Service**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[3] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants Anthony Annucci, Richard de Simone; and Parole Officer Antoine through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these defendants.  The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

Plaintiff's claims against DOCCS and the "40th Street Parole Office" are hereby DISMISSED.  *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

---

[3]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

The Clerk of Court is instructed to issue summonses for Anthony Annucci, Richard de Simone; and Parole Officer Antoine, complete the USM-285 form with the address for these defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is further instructed to mail an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   June 6, 2024
        New York, New York

                                                VERNON S. BRODERICK
                                                United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. Anthony J. Annucci
   Former DOCCS Acting Commissioner
   The Harriman State Campus
   Albany, NY 12226-2050

2. Richard de Simone
   Assistant Counsel, Office of Sentencing Review
   The Harriman State Campus, Building 9
   Albany, NY 12226

3. Parole Officer Antoine
   314 West 40th Street
   New York, NY 10018