

**Office of the New York State
Attorney General**

**Letitia James
Attorney General**

---

**VIA ECF**

October 17, 2024

Honorable Vernon S. Broderick
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY  10007

Re: <u>Hickman v. Annucci, et al</u>, 24 Civ. 3421 (VSB)

Dear Judge Broderick:

     This Office represents Defendants Annucci, de Simone, and Antoine ("Defendants"), all current or former New York State Department of Corrections and Community Supervision ("DOCCS") employees, in this action. Pursuant to Your Honor's Individual Rules and Local Rule 37.2, I write to request a stay of discovery pursuant to Fed. R. Civ. P. 26(c) and a stay of the Court's October 8, 2024 order (ECF No. 22) requiring a case management plan and scheduling order to be submitted by October 22, pending the Court's disposition of Defendants' motion to dismiss (ECF Nos. 19-21) the Complaint (ECF No. 1) in its entirety. I have not obtained Plaintiff's permission with respect to this request as a telephone call with Plaintiff, who is incarcerated, is scheduled on October 22 in connection with the matters raised in the Court's Order (ECF No. 22) and I have not yet communicated with him.

**I.**      **Background**

     Plaintiff brings this action under 42 U.S.C. § 1983 and appears to allege that in 2016 or 2017 his sentence was incorrectly calculated by DOCCS, resulting in his release on parole being delayed. ECF No. 1 at 5. Plaintiff further appears to allege that he was subjected to an "illegal parole warrant raid" at some time in 2021 or 2022 after he was released to parole. <u>Id.</u> Defendants have moved to dismiss the Complaint, arguing that (1) Plaintiff's allegations fail to satisfy the pleading requirements of Fed. R. Civ. P. 8; (2) Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); (3) Plaintiff's claims are time-barred; (4) Plaintiff's claims are procedurally improper; (5) the Complaint fails to state a claim against any Defendant; (6) the Complaint fails to allege personal involvement of any Defendant; (7) Defendants are all entitled to qualified immunity because their actions did not violate clearly established law or it was objectively reasonable for Defendants to so believe; (8) any claims for damages against Defendants in their official capacities are barred; and (9) any state law claims that can be read into the pleadings are barred by Corrections Law § 34.

Honorable Vernon S. Broderick
October 17, 2024                                                                                                   Page 2 of 3

## II.     Legal Standard

Although there are no pending discovery requests,[1] a stay of any future discovery is warranted here. The Court may issue a stay pursuant to Fed. R. Civ. P. 26(c) for "good cause[.]" Fed. R. Civ. P. 26(c). A pending motion to dismiss can constitute "good cause" to stay discovery. *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013). In assessing whether a pending motion is good cause for a stay, courts consider: (1) whether the motion provides "substantial arguments" for dismissal; (2) the undue burden on defendant should discovery proceed; and (3) any prejudice that would result from a stay. *Id.*; *see also Nat'l Rifle Assoc. of Am. v. Cuomo*, 2020 WL 7338588 at *2 (N.D.N.Y. Dec. 14, 2020); *N.Y. by James v. P.A. Higher Educ. Assistance Agency*, 2020 WL 605944 at *1 (S.D.N.Y. Feb. 7, 2020).

## III.    Legal Discussion

The three applicable factors (*Hong Leong*, 297 F.R.D. at 72) weigh strongly in favor of a stay. *First*, Defendants' motion presents "substantial arguments for dismissal" and will likely fully dispose of all claims against them. *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002). Moreover, Defendants have raised a qualified immunity defense and discovery should be stayed until such immunity issues are resolved. *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (noting that the "'driving force' behind creation of the qualified immunity doctrine was a desire to ensure that 'insubstantial claims' against government officials [will] be resolved prior to discovery," and stressing that the "importance of resolving immunity questions at the earliest possible stage in litigation"); *X-Men Sec., Inc. v. Pataki*, 196 F.3d 56, 65 (2d Cir. 1999) ("[Qualified] immunity protects the [government] official not just from liability but also from suit on such claims, thereby sparing him the necessity of defending by submitting to discovery on the merits or undergoing trial"). *Second*, commencing discovery now could be burdensome and costly for the Defendants (funded by taxpayer dollars) and entirely unnecessary, should the motions to dismiss be granted. *See Spencer*, 206 F.R.D. at 368 ("[P]roceeding with discovery while the motion to dismiss is pending would unnecessarily drain the parties' resources."). Even if motion practice does not end the case entirely, "[a] stay may also have the advantage of simplifying and shortening discovery … ." *Spinelli v. Nat'l Football League*, 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015). *Third*, Plaintiff will not be prejudiced by a stay of discovery. The motion to dismiss has been filed and served. Even if the motion is ultimately denied, any delay in discovery will have been minimal and non-prejudicial to Plaintiff. *See, e.g., Spencer*, 206 F.R.D. at 368 ("A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue."); *Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc.*, 2008 WL 11510668, at *2 (S.D.N.Y. June 12, 2008) (staying discovery where "the proposed length of the stay is limited to the time required for the Court to decide the motions").

---

[1] The automatic discovery obligations of S.D.N.Y. Local Rule 33.2(b) do not cover the claims brought by Plaintiff in this action as this is not an excessive force, failure to protect, or disciplinary due process case.

Honorable Vernon S. Broderick  
October 17, 2024  Page 3 of 3

    Accordingly, for the reasons set forth above, Defendants respectfully request a stay of discovery and a stay of any deadlines to submit a case management plan and scheduling order pending disposition of their motion to dismiss.

    We thank the Court for its consideration.

                                        Respectfully submitted,

                                        /s/ Jeb Harben  
                                        Jeb Harben  
                                        Assistant Attorney General  
                                        (212) 416-6185  
                                        jeb.harben@ag.ny.gov

cc:    Quandell Hickman  
       24R1948  
       Five Points Correctional Facility  
       6600 State Route 96  
       Caller Box 119  
       Romulus, NY 14541

**SO ORDERED:**

*/s/ Vernon Broderick*  
HON. VERNON S. BRODERICK  
UNITED STATES DISTRICT JUDGE

Date: October 28, 2024

Defendants are ordered to confer with Plaintiff regarding whether Plaintiff consents to Defendants' motion to stay (1) discovery and (2) my October 8, 2024 order requiring a joint letter by October 22, 2024.

If Plaintiff consents to the motion to stay, then Defendants are ordered to file a letter by November 15, 2024 indicating as such.

If Plaintiff does not consent to the motion to stay, then the parties are ordered to submit a joint letter and a proposed case management plan and scheduling order by December 6, 2024, in accordance with the requirements laid out in my October 8, 2024 order (Doc. 22).